HUNTER C. WHITE *et al vs.* BERNARD McCAUGHEY *et al.*

PROVIDENCE—MARCH 3, 1897.

PRESENT : Stiness and Tillinghast, JJ.

A. and B., non-residents of the State, brought their actions against C. and attached his personal estate.   D. in behalf of C. gave bonds with sureties to pay the judgments, which were subsequently entered against C.   Pending these actions C. was, on his petition, adjudged insolvent.   To a suit on the bonds for non-payment of the judgments this adjudication was pleaded in bar, and plaintiffs demurred to the plea.
*Held,* that the adjudication was no defence.

PER CURIAM.   By Gen. Laws, cap. 274, §§ 25 & 50, it is the *discharge* and not the *adjudication* in insolvency which discharges a debtor from provable debts.   The plea in this case simply sets up an adjudication, which is insufficient.

Demurrer to the defendants' plea sustained.

---

Afterwards C. obtained a discharge in insolvency and, at a subsequent hearing in the suit on the bonds, urged the discharge as a defence, and also urged that the judgments in the attachment suits were erroneously entered.
*Held,* that the judgments were not irregular.

*Held*, further, that as the plaintiffs in the attachment suits were non-residents, and had not become parties to the insolvency proceedings, the discharge of C. was no release as to them.

*Held*, further, that C. was not a party to the suit on the bond, and his discharge had no effect in the present suit.

*April* 19, 1897. PER CURIAM. The defence in this case rests upon the point that the original judgments in the cases in which the attachment bonds now in suit were given were erroneously entered, because Gen. Laws, cap. 274, § 25, requires that all suits, "founded upon the claims from which a discharge in insolvency shall be a release, shall be stayed until the debtor shall be adjudged insolvent." But § 25 provides that after adjudication the court may proceed with the case. Moreover, § 50 provides that a discharge shall release an insolvent from all his provable debts due to citizens of this State, and to all other parties who shall become parties to the proceeding by proving their claims. It is admitted that the plaintiffs in the attachment suits were not citizens of this State, and that they have not become parties to the insolvency proceedings by proving their claims. This being so, the discharge would be no release as to them and the statute does not affect them. The judgments, therefore, were not irregular. The insolvent not being a party to the present suit, the discharge is of no effect in this suit, which is against sureties for a breach of the bond.

The plaintiffs are entitled to judgment.